UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CV 09 2467** |
| Plaintiff, | |
| v. | Civil Action No. |
| OXFORD COLLECTION AGENCY, INC., d/b/a Oxford Management Services, a New York corporation, RICHARD PINTO, PETER PINTO, CHARLES HARRIS, and SALVATORE SPINELLI, individually, and d/b/a SALVATORE SPINELLI, ESQ., ATTORNEY-AT- LAW, | (NSD) **FILED** IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N Y **WEXLER, J** JUN 1 0 2009 ★ LONG ISLAND OFFICE **TOMLINSON, M** |
| Defendants. | |

## COMPLAINT FOR CIVIL PENALTIES, INJUNCTIVE RELIEF, AND OTHER RELIEF

Plaintiff, the United States of America, acting upon notification and authorization to the Attorney General by the Federal Trade Commission ("Commission"), for its Complaint alleges as follows:

1.      This is an action arising under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, to obtain monetary civil penalties, permanent injunction, consumer restitution, disgorgement, and other equitable relief for Defendants' violations of the FDCPA and Section 5 of the FTC Act.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over the matter under  28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(m)(1)(A), 53(b), 57b and 1692*l*. This action arises

under 15 U.S.C. § 45(a)(1) and 15 U.S.C. §1692*l*.

     3.       Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. §§ 1391(b) - (c) and § 1395(a) and 15 U.S.C. § 53(b).

**DEFENDANTS**

     4.       Defendant Oxford Collection Agency, Inc., doing business as Oxford Management Services ("Oxford"), is a New York corporation with its principal office and place of business located within the Eastern District of New York at 135 Maxess Road, Melville, NY 11747. At all times relevant to this Complaint, Defendant Oxford has transacted business in the Eastern District of New York.

     5.       Defendant Richard Pinto is the Chairman, and, with his wife, Carol, a 31% shareholder of Oxford. Defendant Richard Pinto plays an active role in the management and/or supervision of Oxford's debt collection activities. Defendant Richard Pinto formulated, directed, participated in, controlled, or had the authority to control, the acts and practices of Oxford, including the acts and practices alleged in this Complaint. At all times relevant to this Complaint, Defendant Richard Pinto has resided or transacted business in the Eastern District of New York.

     6.       Defendant Peter Pinto is the President and Chief Executive Officer, and a 30% shareholder of Oxford. Defendant Peter Pinto plays an active role in the management and/or supervision of Oxford's debt collection activities. Defendant Peter Pinto formulated, directed, participated in, controlled, or had the authority to control, the acts and practices of Oxford, including the acts and practices alleged in this Complaint. At all times relevant to this Complaint, Defendant Peter Pinto has resided or transacted business in the Eastern District of New York.

2

7.      Defendant Charles Harris is the Executive Vice President, Manager of Training and Compliance, and a 10% shareholder of Oxford. Defendant Harris formulated, directed, participated in, controlled, or had the authority to control, the acts and practices of Oxford, including the acts and practices alleged in this Complaint. At all times relevant to this Complaint, Defendant Harris has resided or transacted business in the Eastern District of New York.

8.      Defendant Salvatore Spinelli ("Spinelli"), a member of the New York bar, doing business as Salvatore Spinelli, Esq., Attorney-at-Law (the "Spinelli Law Firm"), has acted as an actual or apparent agent of Oxford in connection with the acts or practices set forth in this Complaint. During at least 2004, as the sole owner and manager of the Spinelli Law Firm, alone or in concert with others, Spinelli was responsible for a major portion of Oxford's debt collection activity. In addition, since at least 2003, Spinelli has been and is Oxford's General Counsel, and alone or in concert with others, oversaw Oxford collectors' compliance with the FDCPA. At all times material to this Complaint, acting alone or in concert with others, Spinelli has formulated, directed, controlled or had authority to control, or participated in the acts and practices set forth in this Complaint. At all times relevant to this Complaint, Defendant Spinelli has resided or transacted business in the Eastern District of New York.

9.      Defendants Oxford, Richard Pinto, Peter Pinto, Charles Harris, and Salvatore Spinelli ("Defendants") are "debt collectors," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

10.     On or about December 20, 2002, Oxford and the Spinelli Law Firm entered into a written agreement whereby Oxford supplied collection accounts and its collectors to the Spinelli Law Firm. The Spinelli Law Firm assumed some payroll functions with regard to

3

Oxford collectors, who collected on Oxford's accounts both through the Spinelli Law Firm, and directly on Oxford's behalf. Oxford also continued to maintain some employee records for these collectors. Using these collectors, the Spinelli Law Firm sent collection letters, and collected debts for Oxford clients during at least the years 2003 and 2004. The Spinelli Law Firm operated out of Oxford's Melville, New York building; shared some or all of Oxford's equipment and supplies; paid debt collectors who had been on Oxford's payroll and who continued to do some collection work for Oxford; and used Oxford officer, Charles Harris, to supervise its debt collectors. Most, if not all, receipts from the Spinelli Law Firm's debt collection activities in 2003 and 2004, less expenses, went to Oxford.

11.     In January 2005, debt collectors paid by the Spinelli Law Firm were transferred back to Oxford's payroll, and Spinelli continued as Oxford's General Counsel. As Oxford's General Counsel, Spinelli was responsible for, alone or in concert with others, handling consumer and law enforcement agency complaints and lawsuits against Oxford alleging FDCPA violations, and meeting with Oxford collectors to investigate the allegations against them.

## COMMON ENTERPRISE

12.     During at least the years 2003 and 2004, defendants Oxford and the Spinelli Law Firm have acted as a common enterprise while engaging in the law violations alleged below. These entities have been commonly controlled by one or more of the individual defendants, have shared employees, used common equipment or supplies, operated from the same building, and engaged in a common scheme to collect debts through unlawful practices. Because Oxford and the Spinelli Law Firm have acted as a common enterprise during the time period alleged above, each of them is jointly and severally liable for the law violations committed during such time period, including those alleged below. The common enterprise has transacted business in this

4

district, and a substantial part of the events or omissions giving rise to the claims asserted herein have occurred in this district. Individual defendants, Richard Pinto, Peter Pinto, Charles Harris, and Salvatore Spinelli have formulated, directed, controlled or had authority to control, or participated in the acts and practices of the common enterprise.

## COMMERCE

13.     At all times material to this Complaint, Defendants have maintained a substantial course of trade in the collection of debts, in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS PRACTICES

14.     From its offices in Melville, New York, Palm Beach, Florida, and Scranton, Pennsylvania, Oxford and the Spinelli Law Firm have engaged in consumer debt collection activities in all 50 states. Oxford currently has approximately 3,000,000 active accounts.

15.     On numerous occasions, Oxford or Spinelli Law Firm collectors have threatened or implied that Oxford or the Spinelli Law Firm would garnish consumers' wages or initiate lawsuits against them if they failed to pay Oxford or the Spinelli Law Firm. These threats were false because, in almost every instance, Oxford and the Spinelli Law Firm did not initiate lawsuits against consumers or garnish consumers' wages.

16.     On numerous occasions, Oxford or Spinelli Law Firm collectors have made additional threats, including that criminal actions would be brought against consumers or that consumers would be arrested. These threats were false because Oxford and the Spinelli Law Firm had no intent to have consumers prosecuted or arrested.

17.     On numerous occasions, Oxford or Spinelli Law Firm collectors have debited payments from consumers' bank accounts without the consumers' prior authorization for such

5

payments. Similarly, on numerous occasions, Oxford or Spinelli Law Firm collectors have charged more than the agreed-upon amount to consumers' credit cards.

18.     On numerous occasions, Oxford or Spinelli Law Firm collectors have called consumers before 8:00 AM or after 9:00 PM, even though the collectors knew or should have known that it was inconvenient for consumers to receive calls at these times.

19.     On numerous occasions, Oxford or Spinelli Law Firm collectors have called consumers at their place of employment, even though the collectors knew or should have known that it was inconvenient for consumers to receive calls there.

20.     On numerous occasions, Oxford or Spinelli Law Firm collectors have disclosed the existence of debts to third parties, such as the consumers' parents, children, employers, co-workers, and neighbors.

21.     On numerous occasions, Oxford or Spinelli Law Firm collectors have continued to call a consumer even after receiving a written demand from the consumer to cease communications.

22.     On numerous occasions, Oxford or Spinelli Law Firm collectors have used harassing and abusive tactics, such as calling consumers multiple times a day, or calling consumers right back after the consumers have hung up the phone. In addition, some Oxford or Spinelli Law firm collectors have used abusive language, including profanity, when talking to consumers.

23.     The debt collection practices of Oxford and the Spinelli Law Firm have resulted in consumers filing hundreds of complaints with the Federal Trade Commission, the Metropolitan New York Better Business Bureau, various state attorneys general, and Oxford and the Spinelli Law Firm themselves. Many of these complaints have alleged significant FTC Act

and/or FDCPA violations.

24.     Oxford and the Spinelli Law Firm frequently failed to address the serious law violations alleged in the consumer complaints received by their supervisors or managers. Oxford and the Spinelli Law Firm  received consumer complaints alleging egregious violations of the FTC Act and/or the FDCPA, but frequently dismissed those complaints without significant investigation or disciplinary action. Even in the face of substantial evidence that violations occurred, the collectors involved often went unpunished or merely received a warning.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

25.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce." Misrepresentations of material fact constitute deceptive acts or practices prohibited by the FTC Act.

## COUNT I

26.     On numerous occasions, in connection with the collection of debts, Defendants have represented to consumers, expressly or by implication, that:

    a)    Nonpayment of a debt would result in garnishment of a consumer's wages;

    b)    Nonpayment of a debt would result in a consumer's arrest; and

    c)    Oxford, the Spinelli Law Firm, or the creditor they represented intended to take legal action against a consumer.

27.     In truth and in fact, on numerous of those occasions:

    a)    Nonpayment of a debt did not result in garnishment of a consumer's wages;

    b)    Nonpayment of a debt did not result in a consumer's arrest; and

    c)    Neither Oxford, nor the Spinelli Law Firm, nor the creditor they

7

represented intended to take legal action against a consumer.

28.     Therefore, the representations set forth in Paragraph 26 were and are false or misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT II

29.     On numerous occasions, in connection with the collection of debts, Defendants have debited consumers' bank accounts or charged consumers' credit cards without obtaining the consumers' express informed consent.

30.     Defendants' practice of debiting consumers' bank accounts or charging consumers' credit cards without obtaining the consumers' express informed consent causes or is likely to cause substantial injury to consumers that is not outweighed by countervailing benefits to consumers or competition and that is not reasonably avoidable by the consumers.

31.     Therefore Defendants' practice as alleged in Paragraph 29 is unfair and in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32.     In 1977, Congress passed the FDCPA, 15 U.S.C. § 1692 *et seq.*, which became effective on March 20, 1978, and has been in force since that date. Section 814 of the FDCPA, 15 U.S.C. § 1692*l*, specifically empowers the Commission to enforce the FDCPA. Under its provisions, for purpose of the exercise by the Commission of its functions and powers under the FTC Act, a violation of the FDCPA is deemed an unfair or deceptive act or practice in violation of the FTC Act. Further, the Commission is authorized to use all of its functions and powers under the FTC Act to enforce compliance with the FDCPA by any person, irrespective of whether that person is engaged in commerce or meets any other jurisdictional tests set by the

8

FTC Act. The authority of the Commission in this regard includes the power to enforce the

provisions of the FDCPA in the same manner as if the violations were violations of a

Commission trade regulation rule.

33.    The term "consumer," as used in this Complaint, means any natural person

obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the

FDCPA, 15 U.S.C. § 1692a(5).

**COUNT III**

34.    On numerous occasions, in connection with the collection of debts, without the

prior consent of the consumer given directly to the debt collector or the express permission of a

court of competent jurisdiction, Defendants have communicated with a consumer at a time or

place that Defendants knew or should have known to be inconvenient to the consumer, including,

but not limited to, communicating with the consumer before 8:00 A.M. and after 9:00 P.M. at the

consumer's location, and communicating with the consumer at the consumer's place of

employment when Defendants knew or should have known that it was inconvenient for the

consumer to receive such communications, in violation of Section 805(a)(1) of the FDCPA, 15

U.S.C. § 1692c(a)(1).

**COUNT IV**

35.    On numerous occasions, in connection with the collection of debts, Defendants

have communicated with third parties, including parents, children, neighbors, employers, and co-

workers, for purposes other than acquiring location information about a consumer, without the

prior consent of the consumer given directly to Defendants or the express permission of a court

of competent jurisdiction, and when not reasonably necessary to effectuate a post-judgment

judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C. 1692c(b).

9

## COUNT V

36.    On numerous occasions, in connection with the collection of debts, Defendants have communicated with a consumer after receiving written demand from the consumer to cease communications, in violation of Section 805(c) of the FDCPA, 15 U.S.C. § 1692c(c).

## COUNT VI

37.    On numerous occasions, in connection with the collection of debts, Defendants have engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person, in violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d, including, but not limited to, the following:

   a)    Defendants have used obscene or profane language, or language the natural consequence of which is to abuse the hearer, in violation of Section 806(2) of the FDCPA, 15 U.S.C. § 1692d(2); and

   b)    Defendants have caused a telephone to ring, or have engaged a person in telephone conversations, repeatedly or continuously, with intent to annoy, abuse, or harass the person at the called number, in violation of Section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5).

## COUNT VII

38.    On numerous occasions, in connection with the collection of debts, Defendants have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to, the following:

   a)    Defendants have falsely represented or implied that nonpayment of a debt will result in the arrest or imprisonment of a person or the garnishment of

10

a person's wages, when such action is not lawful or when neither Oxford,
nor the Spinelli Law Firm, nor the creditor they represented had the
intention of taking such action, in violation of Section 807(4) of the
FDCPA, 15 U.S.C. § 1692e(4); or

b)    Defendants have threatened to take actions that cannot legally be taken or
that are not intended to be taken, in violation of Section 807(5) of the
FDCPA, 15 U.S.C. § 1692e(5).

## COUNT VIII

39.    On numerous occasions, in connection with the collection of debts, Defendants
have used unfair or unconscionable means to collect or attempt to collect a debt, including but
not limited to the use of information provided by a consumer for the purpose of withdrawing
funds from the consumer's bank account or imposing charges to the consumer's credit card
without obtaining the consumer's express informed consent, in violation of Section 808 of the
FDCPA, 15 U.S.C. § 1692f.

## INJUNCTION FOR VIOLATIONS OF THE FTC ACT AND THE FDCPA

40.    Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to
issue a permanent injunction to ensure that Defendants will not continue to violate the FTC Act
and the FDCPA.

## EQUITABLE RELIEF FOR VIOLATIONS OF THE FTC ACT AND THE FDCPA

41.    Under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), this Court is authorized to
issue all equitable and ancillary relief as it may deem appropriate in the enforcement of the FTC
Act and the FDCPA, including the ability to order rescission or reformation of contracts,
restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.

11

## CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA

42.    Defendants have violated the FDCPA as described above, with actual knowledge or knowledge fairly implied on the basis of objective circumstances, as set forth in Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

43.    Each instance within five (5) years preceding the filing of this Complaint, in which Defendants have failed to comply with the FDCPA in one or more of the ways described above, constitutes a separate violation for which Plaintiff seeks a monetary civil penalty.

44.    Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, and as implemented by 16 C.F.R. § 1.98(d) (2007) authorizes this Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pursuant to 15 U.S.C. §§ 45(m)(1)(A), 53(b), 1692*l*, and the Court's own equitable powers, respectfully requests that the Court:

1.    Enter judgment against Defendants and in favor of Plaintiff for each law violation alleged in this Complaint;

2.    Enter a permanent injunction to prevent future violations of the FTC Act and the FDCPA by Defendants;

3.    Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act and the FDCPA, including, but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies;

4.    Award Plaintiff monetary civil penalties against Defendants for each violation of the FDCPA occurring within five (5) years preceding the filing of this Complaint;

12

and

5.    Award Plaintiff the costs of bringing this action, as well as such other and

additional relief as the Court may determine to be just and proper.

DATED: JUNE 10, 2009

OF COUNSEL:                                    FOR THE UNITED STATES OF AMERICA:

                                               TONY WEST
LEONARD L. GORDON                              Assistant Attorney General
Regional Director                              Civil Division
                                               U.S. Department of Justice

ROBIN E. EICHEN
CAROLE A. PAYNTER                              BENTON J. CAMPBELL
Attorneys                                      United States Attorney
Federal Trade Commission
Northeast Region
One Bowling Green, Suite 318                   By: _____
New York, NY 10004
                                               THOMAS McFARLAND
                                               Assistant United States Attorney

                                               EUGENE M. THIROLF
                                               Director
                                               Office of Consumer Litigation

                                               _____

                                               GERALD C. KELL
                                               Senior Trial Counsel
                                               Office of Consumer Litigation
                                               Civil Division
                                               U.S. Department of Justice
                                               Washington, D.C. 20530
                                               (202) 307-0486
                                               gerald.kell@usdoj.gov

13