C/m

# CV 09 2467

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N Y

★   JUN 1 0 2009   ★

**LONG** ISLAND OFFICE

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| OXFORD COLLECTION AGENCY, INC., d/b/a Oxford Management Services, a New York corporation, RICHARD PINTO, PETER PINTO, CHARLES HARRIS, and SALVATORE SPINELLI, individually, and d/b/a SALVATORE SPINELLI, ESQ., ATTORNEY-AT-LAW, | ) |
| Defendants. | ) |

Civil Action No.

WEXLER, L

TOMLINSON, M

## CONSENT DECREE

WHEREAS, the Plaintiff, the United States of America, has commenced this action by filing the Complaint herein; Defendants Oxford Collection Agency, Inc., d/b/a Oxford Management Services ("Oxford"), Richard Pinto, Peter Pinto, and Charles Harris (collectively "the Settling Defendants") have waived service of the Summons and Complaint; the parties have been represented by the attorneys whose names appear hereafter; and the parties have agreed to settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law and without the Settling Defendants admitting liability for any of the matters alleged in the Complaint;

THEREFORE, on the joint motion of the Plaintiff and the Settling Defendants, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1.    This Court has jurisdiction of the subject matter and of the parties.

MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY
OF THIS ORDER ON ALL PARTIES UPON RECEIPT.

2. The Complaint states a claim upon which relief may be granted against the Defendants under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53b, and 56(a), and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692*l*. A complete copy of the FDCPA, 15 U.S.C. §1692 *et seq.*, is attached.

3. Venue in this district is proper under 28 U.S.C. §§ 1391(b) - (c) and 1395(a) and 15 U.S.C. § 53(b).

4. The activities of the Settling Defendants are in or affecting commerce as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. For purposes of this Consent Decree ("Decree"), the definitions set forth in the FDCPA, 15 U.S.C. § 1692a, shall apply.

6. Entry of this Decree is in the public interest.

7. The Settling Defendants stipulate to the entry of this Decree freely and without coercion. The Settling Defendants further acknowledge that they have read the provisions of this Decree and are prepared to abide by them.

8. All parties hereby waive all rights to appeal or otherwise challenge or contest the validity of this Decree.

9. The parties shall each bear their own costs and attorneys' fees incurred in this action. The Settling Defendants have waived all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412.

I.   PROHIBITED BUSINESS PRACTICES

Defendants Oxford, Richard Pinto, Peter Pinto, and Charles Harris, as well as their successors and assigns, and their officers, agents, servants, employees, and all persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with acting as a "debt collector" in the collection of a "debt" from a "consumer," as those terms are defined in Section 803(6), (5) and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5) and (3), are hereby permanently restrained and enjoined from taking the following actions:

### FTC Act Violations

A.   Misrepresenting to consumers, expressly or by implication:

    1.   That nonpayment of a debt will result in garnishment of a consumer's wages;

    2.   That nonpayment of a debt will result in a consumer's arrest;

    3.   That legal action will be taken against a consumer; and

    4.   The amount(s) of money that will be withdrawn from a consumer's bank account or charged to a consumer's credit card.

B.   Misrepresenting to consumers, expressly or by implication, the consequences of paying or not paying a debt, in whole or in part;

C.   Making any material misrepresentation, expressly or by implication, in order to collect or to attempt to collect a debt or to obtain information concerning a consumer;

## FDCPA Violations

D.      Communicating with a consumer at any unusual time or place or a time or place known or which should be known by the Defendants as inconvenient to the consumer, including, but not limited to, communicating with the consumer before 8:00 A.M. and after 9:00 P.M. at the consumer's location, and communicating with the consumer at the consumer's place of employment, when the Defendants know or should know that such communications are inconvenient, in violation of Section 805(a)(1) of the FDCPA, 15 U.S.C. § 1692c(a)(1);

E.      Except as provided in Section 804 of the FDCPA, communicating with any person other than the consumer, the attorney of the consumer, a consumer reporting agency, if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, in connection with the collection of a debt, for any purpose other than to obtain location information about the consumer not previously known to the Defendants, unless the Defendants have the prior consent of the consumer given directly to the Defendants, or the express permission of a court of competent jurisdiction, or the Defendants can show that such communication is reasonably necessary to effectuate a post judgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b);

F.      Communicating with a consumer, after receiving a written demand from the consumer to cease communications, in violation of Section 805(c) of the FDCPA, 15 U.S.C § 1692c(c).

G.      Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person, in violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d, including, but not limited to:

1.      Using obscene or profane language, or language the natural consequence of which is to abuse the hearer, in violation of Section 806(2) of the FDCPA, 15 U.S.C. § 1692d(2);

2.      Causing a telephone to ring, or engaging a person in telephone conversations, repeatedly or continuously, with intent to annoy, abuse, or harass the person at the called number, in violation of Section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5);

H.      Using any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to:

1.      Representing or implying that nonpayment of a debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person, unless at the time of the representation, such action is lawful and the Defendants or the creditor intend to take such action, in violation of Section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4);

2.      Representing or implying that any action will be taken, unless at the time of the representation, such action is lawful and the Defendants or the creditor intend to take such action, or that any action may be taken when the Defendants cannot show that, at the time of the representation, there is a reasonable likelihood that such action will be taken, in violation of Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5);

3.   Using false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning a consumer, in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10); and

I.   Engaging in, or causing or assisting other persons to engage in, any other violations of the FDCPA, 15 U.S.C. § 1692, as attached and as it may be hereafter amended.

II.   **CIVIL PENALTY**

A.   The Settling Defendants, and their successors and assigns, shall pay to the Plaintiff a civil penalty, pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), in the amount of one million sixty thousand dollars ($1,060,000.00). *Provided, however,* that all but two hundred twenty five thousand dollars ($225,0000) of this amount shall be suspended, subject to the conditions set forth in Paragraph III of this Decree. The civil penalty shall be paid by no later than ten days after entry of this Decree.

B.   The Settling Defendants, and their successors and assigns, shall make the payment required by this Paragraph, for which they are jointly and severally liable, on or before the tenth day following entry of this Decree. Such payment shall be made by electronic fund transfer in accordance with instructions to be provided by the Office of Consumer Litigation, Civil Division, U.S. Department of Justice, Washington, D.C. 20530.

C.   In the event of any default in payment, which default continues for ten(10) days beyond the due date of payment, the entire unpaid amount, together with interest, as computed pursuant to 28 U.S.C. § 1961, from the date of default to the date of payment, shall immediately become due and payable.

D.   This judgment represents a civil penalty owed to the United States Government, and is not compensation for actual pecuniary loss. The Settling Defendants expressly waive their

rights to litigate the issue of monetary relief, including the civil penalty. The Settling Defendants acknowledge and agree that all money paid pursuant to this Decree is irrevocably paid to the Plaintiff for purposes of settlement;

E.    The Settling Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true, without further proof, in any subsequent litigation filed by or on behalf of the Federal Trade Commission ("Commission") to collect any unpaid amount or otherwise enforce its rights pursuant to this Decree, including a nondischargeability complaint filed in any bankruptcy case; and

F.    In accordance with 31 U.S.C. § 7701, the Settling Defendants are hereby required to furnish to the Plaintiff and the Commission their respective taxpayer identifying numbers (Social Security numbers or employer identification numbers), and these numbers may be used for purposes of collecting and reporting on any delinquent amount arising out of such Defendant's relationship with the government.

## III.    RIGHT TO REOPEN

IT IS FURTHER ORDERED that by agreeing to this Decree, the Settling Defendants reaffirm and attest to the truthfulness, accuracy, and completeness of all financial information heretofore provided by each of them to the Federal Trade Commission. The Settling Defendants acknowledge that the Plaintiff's agreement to this Decree, which requires payment of less than the full amount of the civil penalty, is expressly premised upon the truthfulness, accuracy, and completeness of the Settling Defendants' representations regarding their financial condition as set forth in the sworn financial statements executed by: Oxford on July 10, and August 16, 2007; Richard Pinto on September 7, 2007; Peter Pinto on July 10, 2007; and Charles Harris on July 10, 2007; and the updated financial statements executed by Oxford and Richard Pinto on October 17,

2008; Charles Harris on October 15, 2008; and Peter Pinto on October 14, 2008 (the "Financial Statements"), which contain material information upon which the Plaintiff relied in negotiating and agreeing to the terms of this Decree. If, upon motion by the Plaintiff, this Court finds that one or more Settling Defendants failed to disclose any material asset, or materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from the Financial Statements, the Court shall enter judgment against the offending Settling Defendant(s), jointly and severally, and in favor of the Plaintiff, in the full amount contained in Paragraph II.A of this Decree, less any amounts already paid pursuant to said Subparagraph. *Provided, however*, that in all other respects this Decree shall remain in full force and effect unless otherwise ordered by the Court; and *provided further*, that proceedings initiated under this Paragraph are in addition to, and not in lieu of, any other civil or criminal penalties as may be provided by law, including any other proceedings the Plaintiff may initiate to enforce this Decree. For purposes of this Paragraph, Settling Defendants waive any right to contest any of the allegations in the Complaint.

## IV.    NOTICE REQUIREMENTS

A.    For a period of ten (10) years from the date of entry of this Decree, Defendants Oxford, Richard Pinto, Peter Pinto, and Charles Harris, as well as their successors and assigns, and their officers, agents, servants, employees, and all persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with acting as a "debt collector" in the collection of a "debt" from a "consumer," as those terms are defined in Section 803(6), (5) and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5) and (3), shall make the following disclosure clearly and conspicuously on each written collection communication that is sent to a consumer:

Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

If you have a complaint about the way we are collecting this debt, please write to our CONTACT CENTER, [current address] or call us toll-free at [current phone number] between 9:00 A.M. and 5:00 P.M. Eastern Time Monday - Friday.

The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov, by phone at 1-877- FTC-HELP, or by mail at 600 Pennsylvania Ave. NW, Washington, DC 20580.

The above disclosure shall be given in the languages that appear in such communications sent to consumers. Consumers attempting to reach the contact center by telephone must be able to easily leave a message, if the call is not answered by one of the Settling Defendants'-employees.

B.  Defendants Oxford, Richard Pinto, Peter Pinto, and Charles Harris, as well as their successors and assigns, and their officers, agents, servants, employees, and all persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with acting as a "debt collector" in the collection of a "debt" from a "consumer," as those terms are defined in Section 803(6), (5), and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5), and (3), shall provide a copy of the following notice to all officers, servants, agents, and employees having responsibility with respect

to the collection of debts, within ten (10) days of the date of entry of this Decree, and to each employee hired for a period of ten (10) years after that date, no later than the time the employee assumes responsibility with respect to the collection of debts, and shall secure from each such person, within thirty (30) days of delivery, a signed and dated statement acknowledging receipt of a copy of the notice:

Debt collectors must comply with the federal Fair Debt Collection Practices Act, which limits our activities in trying to collect money from consumers.

Most importantly, Section 805 of the Act says that you may not contact a consumer at work if you know or should know it is inconvenient for the consumer, you may not contact a consumer before 8:00 A.M. or after 9:00 P.M. local time at the consumer's location, unless the consumer has instructed you to do so, you may not contact a consumer once you have received written demand from that consumer to cease all communications, and you may not communicate with any person other than the consumer in connection with the collection of a debt, for any purpose other than to obtain location information about the consumer not previously known.

Section 806 of the Act states that you may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

In addition, Section 807 of the Act prohibits you from representing or implying that any action, including garnishment of wages, arrest or legal action, will be taken, unless at the time of the representation, such action is lawful and there is a clear intent to take such action.  Section 807 also prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Individual debt collectors may be financially liable for their violations of the Act.

Page 10 of 20

V.   **DISTRIBUTION OF CONSENT DECREE AND FDCPA BY THE SETTLING DEFENDANTS**

For a period of five (5) years from the date of entry of this Decree, Defendants Oxford, Richard Pinto, Peter Pinto, and Charles Harris shall deliver copies of this Decree and the FDCPA as directed below:

A.   **Oxford:** Defendant Oxford must deliver copies of this Decree and the FDCPA to all of its principals, officers, directors, and managers. Defendant Oxford also must deliver copies of this Decree and the FDCPA to all of its employees, agents, and representatives who engage in conduct related to the subject matter of this Decree. For current personnel, delivery shall be within five (5) days of service of this Decree upon Defendant Oxford. For new personnel, delivery shall occur prior to their assuming their responsibilities.

B.   **Defendants Richard Pinto, Peter Pinto and Charles Harris as control persons:** For any business which is engaged in the collection of "debts" from "consumers," as those terms are defined in Section 803(5) and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(5) and (3), that Richard Pinto, Peter Pinto or Charles Harris controls, or in which such Defendant has a majority ownership interest, such Defendant must deliver copies of this Decree and the FDCPA to all principals, officers, directors, and managers of that business. Such Defendant must also deliver copies of this Decree and the FDCPA to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of this Decree. For current personnel, delivery shall be within five (5) days of service of this Decree upon such Defendant. For new personnel, delivery shall occur prior to their assuming their responsibilities.

C.   **Defendants Richard Pinto, Peter Pinto and Charles Harris as employees or non-control persons:** For any business where Defendant Richard Pinto, Peter Pinto or Charles Harris is

not a controlling person of that business but otherwise engages in conduct as a "debt collector" in the collection of a "debt" from a "consumer," as those terms are defined in Section 803(6), (5), and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5), and (3), such Defendant must deliver copies of this Decree and the FDCPA to all principals and managers of such business before engaging in such conduct.

      D.     Defendants Oxford, Richard Pinto, Peter Pinto, and Charles Harris must secure a signed and dated statement acknowledging receipt of this Decree and the FDCPA, within thirty (30) days of delivery, from all persons receiving copies of the Decree and the FDCPA pursuant to this Paragraph.

## VI.    RECORD KEEPING PROVISIONS

      For a period of eight (8) years from the date of entry of this Decree, Defendants Oxford, Richard Pinto, Peter Pinto, and Charles Harris, their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Decree by personal service or otherwise, in connection with any business involving the collection of debts from consumers, where any Defendant is the majority owner of the business, or manages or controls the business, are hereby restrained and enjoined from failing to create and retain the following records:

      A.     Accounting records that reflect the revenues generated in connection with the collection of debts, and the disbursement of such revenues;

      B.     Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.     Consumer files containing the names, addresses, phone numbers, dollar amounts of debt owed, records of collection activity, and amounts collected;

D.     For every consumer complaint, whether received directly, indirectly, or through a third party, records that include:

1.     Any complaint and the date received, and the nature of the complaint as reflected in any notes, logs, or memoranda, including a description of the conduct alleged; and

2.     The basis of the complaint, including the names of any debt collectors or supervisors complained about; the nature of any investigation conducted concerning the validity of any complaint; all documents relating to the disposition of the complaint, including records of all contacts with the consumer, the Settling Defendants' response to the complaint and the response date, whether the complaint was resolved, the date of resolution; and any action taken to correct alleged conduct that violates the FDCPA;

E.     Copies of all scripts, training materials, advertisements, or other promotional or marketing materials; and

F.     All records and documents necessary to demonstrate full compliance with each provision of this Decree, including, but not limited to, copies of acknowledgments of receipt of notices given to employees, required by Paragraph IV.B, copies of acknowledgments of receipt of this Decree and the FDCPA, required by Paragraph V.D, and all reports submitted to the FTC pursuant to Paragraph VII.

VII.   COMPLIANCE REPORTING BY THE SETTLING DEFENDANTS

In order that compliance with the provisions of this Decree may be monitored:

A.   For a period of five (5) years from the date of entry of this Decree,

   1.   Defendants Richard Pinto, Peter and Charles Harris shall notify the
        Commission of the following:

        a.   Any changes in residence, mailing addresses, and telephone numbers
             of such Defendant within ten (10) days of the date of such change;

        b.   Any changes in employment status (including self-employment) of
             such Defendant, and any change in such Defendant's ownership of
             any business entity, within ten (10) days of the date of such change.
             Such notice shall include the name and address of each business that
             such Defendant is affiliated with, employed by, creates or forms, or
             performs services for; a statement of the nature of the business; and a
             statement of such Defendant's duties and responsibilities in
             connection with the business or employment;

        c.   Any changes in such Defendant's name or use of any aliases or
             fictitious names; and

   2.   Defendants Oxford, Richard Pinto, Peter Pinto, or Charles Harris shall notify
        the Commission of any change in corporate structure of Oxford or any
        business entity that Richard Pinto, Peter Pinto or Charles Harris manages or
        controls, or has an ownership interest in, that may affect compliance
        obligations arising under this Decree, including, but not limited to, a
        dissolution, assignment, sale, merger, or other action that would result in the
        emergence of a successor entity; the creation or dissolution of a subsidiary,
        parent, or affiliate that engages in any acts or practices subject to this Decree;

the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided that*, with respect to any proposed change in the corporation about which the Settling Defendants learn less than thirty (30) days prior to the date such action is to take place, the Settling Defendants shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.  Within ninety (90) days after the date of entry of this Decree, and once each year thereafter for five (5) years on the anniversary of that date, Defendants Oxford, Richard Pinto, Peter Pinto, and Charles Harris each shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Decree. This report shall include, but not be limited to:

    1.  For Defendants Richard Pinto, Peter Pinto and Charles Harris:

        a.  The then-current residence address, mailing addresses, and telephone numbers of such Defendant;

        b.  The then-current employment and business addresses and telephone numbers of such Defendant, a description of the business activities of each such employer or business, and the title and responsibilities of such Defendant for each such employer or business; and

        c.  Any other changes required to be reported under Subparagraph A of this Paragraph.

    2.  For Defendants Oxford, Richard Pinto, Peter Pinto, and Charles Harris:

        a.  A copy of each acknowledgment of receipt of employee notice obtained pursuant to Paragraph IV.B of this Decree;

b.  A copy of each acknowledgment of receipt of this Decree and the

FDCPA obtained pursuant to Paragraph V.D of this Decree; and

c.  Any other changes required to be reported under Subparagraph A of

this Paragraph.

C.  For the purposes of this Decree, the Settling Defendants shall, unless otherwise

directed by the Commission's authorized representatives, mail all written notifications to the

Commission to:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington, D.C. 20580
>
> Re: *United States v. Oxford*, Case # _____

D.  For purposes of the compliance reporting and monitoring required by this Decree,

the Commission is authorized to communicate directly with Defendants Oxford, Richard Pinto,

Peter Pinto, and Charles Harris.

## VIII.  COMPLIANCE MONITORING

For the purpose of monitoring and investigating compliance with any provision of this

Decree:

A.  Within ten (10) days of receipt of written notice from a representative of the

Commission, Defendants Oxford, Richard Pinto, Peter Pinto, and Charles Harris each shall submit

additional written reports, sworn to under penalty of perjury; produce documents for inspection and

copying; appear for deposition; and/or provide entry during normal business hours to any business

location in such Defendant's possession or direct or indirect control to inspect the business

operation;

B.     In addition, the Commission is authorized to monitor compliance with this Decree by all other lawful means, including, but not limited to, the following:

    1.     Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

    2.     Posing as consumers and suppliers to: Defendants Oxford, Richard Pinto, Peter Pinto, or Charles Harris, their employees, or any other entity managed or controlled in whole or in part by Oxford, Richard Pinto, Peter Pinto, or Charles Harris, without the necessity of identification or prior notice; and

C.     Defendants Oxford, Richard Pinto, Peter Pinto, and Charles Harris shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Decree.  The person interviewed may have counsel present.

*Provided, however*, that nothing in this Decree shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## IX.     ACKNOWLEDGMENT OF RECEIPT OF DECREE BY THE SETTLING DEFENDANTS

Defendants Oxford, Richard Pinto, Peter Pinto, and Charles Harris, within five (5) business days of receipt of this Decree as entered by the Court, must each submit to the Commission a truthful sworn statement acknowledging receipt of this Decree.

## XI.     RETENTION OF JURISDICTION

This Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Decree.

JUDGMENT IS THEREFORE ENTERED in favor of the Plaintiff and against Defendants Oxford, Richard Pinto, Peter Pinto, and Charles Harris, pursuant to all the terms and conditions recited above.

DATE: _____

_____

ITED STATES DISTRICT JUDGE
CENTRAL ISLIP NY    6/23/09

The parties, individually and by their respective counsel, hereby consent to the terms and conditions of the Consent Decree as set forth above and consent to the entry thereof.

FOR THE UNITED STATES OF AMERICA:

TONY WEST
Assistant Attorney General
Civil Division
U.S. Department of Justice

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York

By: _____

THOMAS A. McFARLAND
Assistant United States Attorney
Attorney-in-Charge
New York Bar No. _____
E. D. of New York Bar No. TM 3562

EUGENE M. THIROLF,
Director
Office of Consumer Litigation

Page 18 of 20

_(signature)_

GERALD C. KELL
Senior Trial Counsel
Office of Consumer Litigation
Civil Division
United States Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 514-1586

FOR THE FEDERAL TRADE COMMISSION:

LEONARD L. GORDON,
DIRECTOR
Northeast Region
Federal Trade Commission

_(signature)_

ROBIN E. EICHEN (2964)
CAROLE A. PAYNTER (4091)
Attorneys for Federal Trade Commission
One Bowling Green, Suite 318
New York, NY 10004
(212) 607-2829

FOR THE SETTLING DEFENDANTS:

OXFORD COLLECTION AGENCY, INC.

By: _(signature)_ ITS President

RICHARD PINTO, individually, and as an officer of
Oxford Collection Agency, Inc.

_(signature)_

PETER PINTO, individually, and as an officer of
Oxford Collection Agency, Inc.

_(signature)_

CHARLES HARRIS, individually, and as an officer of
Oxford Collection Agency, Inc.

Page 19 of 20

COUNSEL FOR THE SETTLING
DEFENDANTS:

ROBERT M. HIRSH
Arent Fox LLP
1675 Broadway
New York, NY 10019
(212) 457-5430

JOHN G. POLI III, P.C.
200 Laurel Avenue
P.O. Box 59
Northport, NY 11768
(631) 262-9696

Page 20 of 20