UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

   Plaintiff,

v.

OXFORD COLLECTION AGENCY, INC.,
d/b/a Oxford Management Services, a New York
corporation, RICHARD PINTO, PETER PINTO,
CHARLES HARRIS, and SALVATORE SPINELLI,
individually, and d/b/a SALVATORE SPINELLI,
ESQ., ATTORNEY-AT-LAW,

   Defendants.

Civil Action No. **CV 09 2467**

WEXLER, J.
TOMLINSON, M.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 10 2009 ★
LONG ISLAND OFFICE

---

## CONSENT DECREE

WHEREAS, the Plaintiff, the United States of America, has commenced this action by filing the Complaint herein; Defendant Salvatore Spinelli, individually and d/b/a Salvatore Spinelli, Esq., Attorney-at-Law ("Defendant Spinelli") has waived service of the Summons and Complaint; and the parties have agreed to settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law and without Defendant Spinelli admitting liability for any of the matters alleged in the Complaint;

THEREFORE, on the joint motion of the Plaintiff and Defendant Spinelli, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. This Court has jurisdiction of the subject matter and of the parties.

2. The Complaint states a claim upon which relief may be granted against Defendant Spinelli under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act

MOVANT'S COUNSEL IS DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES UPON RECEIPT.

("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53b, and 56(a), and Section 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692l. A complete copy of the FDCPA, 15 U.S.C. §1692 *et seq.*, is attached.

3. Venue in this District is proper under 28 U.S.C. §§ 1391(b-c) and 1395(a) and 15 U.S.C. § 53(b).

4. The activities of Defendant Spinelli are in or affecting commerce as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. For purposes of this Consent Decree ("Decree"), the definitions set forth in the FDCPA, 15 U.S.C. § 1692a, shall apply.

6. Entry of this Decree is in the public interest.

7. Defendant Spinelli stipulates to the entry of this Decree freely and without coercion. Defendant Spinelli further acknowledges that he has read the provisions of this Decree and is prepared to abide by them.

8. The parties hereby waive all rights to appeal or otherwise challenge or contest the validity of this Decree.

9. The parties shall each bear their own costs and attorneys' fees incurred in this action. Defendant Spinelli has waived all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412.

I. PROHIBITED BUSINESS PRACTICES

Defendant Spinelli, whether acting directly or through any trust, corporation, subsidiary, division, or other device, and his officers, agents, employees, and corporations, and those persons in active concert or participation with him who receive actual notice of this Decree by personal service or otherwise, in connection with acting as a "debt collector" in the collection of a "debt"

from a "consumer," as those terms are defined in Section 803(6), (5) and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5) and (3), are hereby permanently restrained and enjoined from taking the following actions:

### FTC Act Violations

A. Misrepresenting to consumers, expressly or by implication:

1. That nonpayment of a debt will result in garnishment of a consumer's wages;

2. That nonpayment of a debt will result in a consumer's arrest;

3. That legal action will be taken against a consumer; and

4. The amount(s) of money that will be withdrawn from a consumer's bank account or charged to a consumer's credit card.

B. Misrepresenting to consumers, expressly or by implication, the consequences of paying or not paying a debt, in whole or in part;

C. Making any material misrepresentation, expressly or by implication, in order to collect or to attempt to collect a debt or to obtain information concerning a consumer;

### FDCPA Violations

D. Communicating with a consumer at any unusual time or place or a time or place known or which should be known by Defendant Spinelli as inconvenient to the consumer, including, but not limited to, communicating with the consumer before 8:00 A.M. and after 9:00 P.M. at the consumer's location, and communicating with the consumer at the consumer's place of employment, when Defendant Spinelli knows or should know that such communications are inconvenient, in violation of Section 805(a)(1) of the FDCPA, 15 U.S.C. § 1692c(a)(1);

E. Except as provided in Section 804 of the FDCPA, communicating with any person other than the consumer, the attorney of the consumer, a consumer reporting agency, if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, in connection with the collection of a debt, for any purpose other than to obtain location information about the consumer not previously known to Defendant Spinelli, unless he has the prior consent of the consumer given directly to him, or the express permission of a court of competent jurisdiction, or he can show that such communication is reasonably necessary to effectuate a post judgment judicial remedy, in violation of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b);

F. Communicating with a consumer, after receiving a written demand from the consumer to cease communications, in violation of Section 805(c) of the FDCPA, 15 U.S.C § 1692c(c).

G. Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person, in violation of Section 806 of the FDCPA, 15 U.S.C. § 1692d, including, but not limited to:

1. Using obscene or profane language, or language the natural consequence of which is to abuse the hearer, in violation of Section 806(2) of the FDCPA, 15 U.S.C. § 1692d(2);

2. Causing a telephone to ring, or engaging a person in telephone conversations, repeatedly or continuously, with intent to annoy, abuse, or harass the person at the called number, in violation of Section 806(5) of the FDCPA, 15 U.S.C. § 1692d(5);

H.  Using any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to:

1. Representing or implying that nonpayment of a debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person, unless at the time of the representation, such action is lawful and Defendant Spinelli or the creditor intends to take such action, in violation of Section 807(4) of the FDCPA, 15 U.S.C. § 1692e(4);

2. Representing or implying that any action will be taken, unless at the time of the representation, such action is lawful and Defendant Spinelli or the creditor intends to take such action, or that any action may be taken when Defendant Spinelli cannot show that, at the time of the representation, there is a reasonable likelihood that such action will be taken, in violation of Section 807(5) of the FDCPA, 15 U.S.C. § 1692e(5);

3. Using false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning a consumer, in violation of Section 807(10) of the FDCPA, 15 U.S.C. § 1692e(10); and

I.  Engaging in, or causing or assisting other persons to engage in, any other violations of the FDCPA, 15 U.S.C. § 1692, as attached and as it may be hereafter amended.

II. CIVIL PENALTY

A.  Defendant Spinelli shall pay to the Plaintiff a civil penalty, pursuant to Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), in the amount of one million sixty thousand

dollars ($1,060,000.00). *Provided, however,* that this amount shall be suspended, subject to the conditions set forth in Section III of this Decree.

  B. This judgment represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, therefore, is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7). Defendant Spinelli agrees that the facts as alleged in the Complaint filed in this action shall be taken as true, without further proof, in any subsequent civil litigation filed by or on behalf of the Federal Trade Commission ("Commission") to enforce its rights to any payment or money judgment pursuant to this Decree; and

  C. In accordance with 31 U.S.C. § 7701, Defendant Spinelli is hereby required to furnish to the Plaintiff and the Commission his taxpayer identifying numbers (Social Security numbers or employer identification numbers), and these numbers may be used for purposes of collecting and reporting on any delinquent amount arising out of such Defendant's relationship with the government.

### III. RIGHT TO REOPEN

IT IS FURTHER ORDERED that by agreeing to this Decree, Defendant Spinelli reaffirms and attests to the truthfulness, accuracy, and completeness of all financial information heretofore provided by him to the Federal Trade Commission. Defendant Spinelli acknowledges that the Plaintiff's agreement to this Decree, which requires payment of less than the full amount of the civil penalty, is expressly premised upon the truthfulness, accuracy, and completeness of Defendant Spinelli's representations regarding his financial condition as set forth in the sworn financial statement executed by him on September 7, 2007 and the updated financial statement executed by him on December 15, 2008, respectively (the "Financial Statements"), which contain material information upon which the Plaintiff relied in negotiating and agreeing to the terms of this

Decree. If, upon motion by the Plaintiff, this Court finds that Defendant Spinelli failed to disclose any material asset, or materially misrepresented the value of any asset, or made any other material misrepresentation in or omission from the Financial Statements, the Court shall enter judgment against him in favor of the Plaintiff, in the full amount contained in Section II.A of this Decree, less any amounts already paid by any co-defendant(s) in this action. *Provided, however,* that in all other respects this Decree shall remain in full force and effect unless otherwise ordered by the Court; and *provided further*, that proceedings initiated under this Section are in addition to, and not in lieu of, any other civil or criminal penalties as may be provided by law, including any other proceedings the Plaintiff may initiate to enforce this Decree. For purposes of this Section, Defendant Spinelli waives any right to contest any of the allegations in the Complaint.

## IV. NOTICE REQUIREMENTS

A. For a period of ten (10) years from the date of entry of this Decree, Defendant Spinelli, whether acting directly or through any trust, corporation, subsidiary, division, or other device, and his officers, agents, employees, and corporations, and those persons in active concert or participation with him who receive actual notice of this Decree by personal service or otherwise, in connection with acting as a "debt collector" in the collection of a "debt" from a "consumer," as these terms are defined in Section 803(6), (5) and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5) and (3), shall make the following disclosure clearly and conspicuously on each written collection communication that is sent to a consumer:

> Federal law prohibits certain methods of debt
> collection, and requires that we treat you fairly.
> You can stop us from contacting you by writing
> a letter to us that tells us to stop the contact.
> Sending such a letter does not make the debt
> go away if you owe it. Once we receive your letter,
> we may not contact you again, except to let you

know that there won't be any more contact or that we intend to take a specific action.

If you have a complaint about the way we are collecting this debt, please write to our CONTACT CENTER, [current address].or call us toll-free at [current phone number] between 9:00 A.M. and 5:00 P.M. Eastern Time Monday - Friday.

The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov, by phone at 1-877-FTC-HELP, or by mail at 600 Pennsylvania Ave. NW, Washington, DC 20580.

The above disclosure shall be given in the languages that appear in such communications sent to consumers. Consumers attempting to reach the contact center by telephone must be able to easily leave a message, if the call is not answered by one of Defendant Spinelli's employees.

B.  Defendant Spinelli, whether acting directly or through any trust, corporation, subsidiary, division, or other device, and his officers, agents, employees, and corporations, and those persons in active concert or participation with him who receive actual notice of this Decree by personal service or otherwise, in connection with acting as a "debt collector" in the collection of a "debt" from a "consumer," as those terms are defined in Section 803(6), (5) and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5), and (3), shall provide a copy of the following notice to all officers, servants, agents, and employees having responsibility with respect to the collection of debts, within ten (10) days of the date of entry of this Decree, and to each employee hired for a period of ten (10) years after that date, no later than the time the employee assumes responsibility with respect to the collection of debts, and shall secure from each such person, within thirty (30) days of delivery, a signed and dated statement acknowledging receipt of a copy of the notice:

Debt collectors must comply with the federal Fair Debt Collection Practices Act, which limits our activities in trying to collect money from consumers.

Most importantly, Section 805 of the Act says that you may not contact a consumer at work if you know or should know it is inconvenient for the consumer, you may not contact a consumer before 8:00 A.M. or after 9:00 P.M. local time at the consumer's location, unless the consumer has instructed you to do so, you may not contact a consumer once you have received written demand from that consumer to cease all communications, and you may not communicate with any person other than the consumer in connection with the collection of a debt, for any purpose other than to obtain location information about the consumer not previously known.

Section 806 of the Act states that you may not engage in any conduct the natural consequence of which is to: harass, oppress, or abuse any person in connection with the collection of a debt.

In addition, Section 807 of the Act prohibits you from representing or implying that any action, including garnishment of wages, arrest or legal action, will be taken, unless at the time of the representation, such action is lawful and there is a clear intent to take such action. Section 807 also prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Individual debt collectors may be financially liable for their violations of the Act.

V.  DISTRIBUTION OF CONSENT DECREE AND FDCPA

For a period of five (5) years from the date of entry of this Decree, Defendant Spinelli shall deliver copies of this Decree and the FDCPA as directed below:

A.  **Defendant Spinelli as control person**: For any business which is engaged in the collection of "debts" from "consumers," as those terms are defined in Section 803(5) and (3),

respectively, of the FDCPA, 15 U.S.C. § 1692a(5) and (3), that Defendant Spinelli controls, or in which such Defendant has a majority ownership interest, such Defendant must deliver copies of this Decree and the FDCPA to (1) all principals, officers, directors, and managers of that business; and (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of this Decree. For current personnel, delivery shall be within five (5) days of service of this Decree upon such Defendant. For new personnel, delivery shall occur prior to their assuming their responsibilities.

     B.    Defendant Spinelli as employee or non-control person: For any business where Defendant Spinelli is not a controlling person of that business but otherwise engages in conduct as a "debt collector" in the collection of a "debt" from a "consumer," as those terms are defined in Section 803(6), (5), and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5), and (3), such Defendant must deliver copies of this Decree and the FDCPA to all principals and managers of such business before engaging in such conduct.

     C.    Defendant Spinelli must secure a signed and dated statement acknowledging receipt of this Decree and the FDCPA, within thirty (30) days of delivery, from all persons receiving copies of the Decree and the FDCPA pursuant to this Section.

## VI.   RECORD-KEEPING PROVISIONS

For a period of eight (8) years from the date of entry of this Decree, Defendant Spinelli, and his agents, employees, officers, corporations, and those persons in active concert or participation with them who receive actual notice of this Decree by personal service or otherwise, in connection with any business involving the collection of debts from consumers, where Defendant Spinelli is the majority owner of the business, or manages or controls the business, are hereby restrained and enjoined from failing to create and retain the following records:

F.  All records and documents necessary to demonstrate full compliance with each provision of this Decree, including, but not limited to, copies of acknowledgments of receipt of notices given to employees, required by the Section titled "Notice Requirements," copies of acknowledgments of receipt of this Decree and the FDCPA, required by the Section titled "Distribution of Order and FDCPA," and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## VII. COMPLIANCE REPORTING

In order that compliance with the provisions of this Decree may be monitored:

A.  For a period of five (5) years from the date of entry of this Decree,

  1.  Defendant Spinelli shall notify the Commission of the following:

      a.  Any changes in residence, mailing addresses, and telephone numbers of such Defendant within ten (10) days of the date of such change;

      b.  Any changes in employment status (including self-employment) of such Defendant, and any change in such Defendant's ownership of any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that such Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment;

      c.  Any changes in such Defendant's name or use of any aliases or fictitious names; and

2. Defendant Spinelli shall notify the Commission of any change in corporate structure of any business entity that he manages or controls, or has an ownership interest in, that may affect compliance obligations arising under this Decree, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action that would result in the emergence of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Decree; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the business entity about which he learns less than thirty (30) days prior to the date such action is to take place, he shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Decree, and annually thereafter for a period of five (5) years, Defendant Spinelli shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Decree. This report shall include, but not be limited to:

1.  a. Such Defendant's then-current residence address, mailing addresses, and telephone numbers; and

    b. Such Defendant's then-current employment status (including self-employment), including the names, addresses, and telephone numbers of each business that such Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the

        business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

    c. Any other changes required to be reported under Subsection A of this Section.

2.  a. A copy of each acknowledgment of receipt of employee notice obtained pursuant to the Section titled "Notice Requirements;"

    b. A copy of each acknowledgment of receipt of this Decree and the FDCPA obtained pursuant to the Section titled "Distribution of Decree and the FDCPA;" and

    c. Any other changes required to be reported under Subsection A of this Section.

C.  Defendant Spinelli shall notify the Commission of the filing of a bankruptcy petition within fifteen (15) days of filing.

D.  For the purposes of this Decree, Defendant Spinelli shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and written notifications required by this Decree to the Commission to the following address:

        Associate Director for Enforcement
        Federal Trade Commission
        600 Pennsylvania Avenue, N.W., Room NJ-2122
        Washington, D.C. 20580

Re: *United States v. Oxford Collection Agency, Inc.*, Case # _____

*Provided* that, in lieu of overnight courier, Defendant Spinelli may send such reports or notifications by first class mail, but only if Defendant Spinelli contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

D. For purposes of the compliance reporting and monitoring required by this Decree, the Commission is authorized to communicate directly with Defendant Spinelli.

## VIII. COMPLIANCE MONITORING

For the purpose of (i) monitoring and investigating compliance with any provision of this Decree, and (ii) investigating the accuracy of Defendant Spinelli's financial statements upon which the Commission's agreement to this Decree is expressly premised:

A. Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant Spinelli shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in such Defendant's possession or direct or indirect control to inspect the business operation;

B. In addition, the Commission is authorized to use all other lawful means, including, but not limited to:

1. Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

2. Posing as consumers and suppliers to Defendant Spinelli, his employees, or any other entity managed or controlled in whole or in part by Defendant Spinelli, without the necessity of identification or prior notice; and

C. Defendant Spinelli shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to

such an interview, relating in any way to any conduct subject to this Decree. The person interviewed may have counsel present.

*Provided, however,* that nothing in this Decree shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## IX. ACKNOWLEDGMENT OF RECEIPT OF DECREE

Defendant Spinelli, within five (5) business days of receipt of this Decree as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Decree.

## X. RETENTION OF JURISDICTION

This Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Decree.

**JUDGMENT IS THEREFORE ENTERED** in favor of the Plaintiff and against Defendant Spinelli, pursuant to all the terms and conditions recited above.

DATE: _____

_____
UNITED STATES DISTRICT JUDGE

CENTRAL ISLIP, NY
6/23/09

The parties hereby consent to the terms and conditions of the Consent Decree as set forth above and consent to the entry thereof.

FOR THE UNITED STATES OF AMERICA:

TONY WEST
Assistant Attorney General
Civil Division
U.S. Department of Justice

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York

By: *[signature]*
THOMAS A. MCFARLAND
Assistant United States Attorney
Attorney-in-Charge
New York Bar No. _____
E.D. of New York Bar No. TM 3562

EUGENE M. THIROLF,
Director
Office of Consumer Litigation

*[signature]*
GERALD C. KELL
Senior Trial Counsel
Office of Consumer Litigation
Civil Division
United States Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 514-1586

FOR THE FEDERAL TRADE COMMISSION:

LEONARD L. GORDON,
DIRECTOR
Northeast Region
Federal Trade Commission

*[signature]*
ROBIN E. EICHEN
CAROLE A. PAYNTER
Attorneys for Federal Trade Commission
One Bowling Green, Suite 318
New York, NY 10004
(212) 607-2829

FOR DEFENDANT SPINELLI:

_____
SALVATORE SPINELLI, individually and
d/b/a Salvatore Spinelli, Esq., Attorney-at-Law